IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AGUSTIN ALBERTO SUAREZ, #45437-054,  *
      Petitioner
                                                 *

v.                                                           Civil Action No. DKC-05-1463
                                               *

STEPHEN M. DEWALT, WARDEN
      Respondent         *
                                            *******

**MEMORANDUM**

      Pending is a pro se 28 U.S.C. §2241 Petition for Writ of Habeas Corpus filed by Agustin Alberto Suarez, a federal inmate at FCI Cumberland, Maryland. Petitioner challenges the revocation of 13 days good time credit as a violation of his rights under the Due Process Clause. The Court will deny the Petition in a separate order.

**I. Background**

      On June 4, 2004, Petitioner was given written notice of disciplinary charges for refusing to work or accept a program assignment and for being in an unauthorized area. Paper No. 3, Ex. 5. In his petition, Suarez maintains that he "speaks virtually no English" and therefore did not understand the correctional officer's direction regarding his cell assignment. This caused him to be in the wrong cell and led to the disciplinary infraction. Paper No. 1. On June 8, 2004, the Unit Discipline Committee referred the incident report to the Disciplinary Hearing Officer ("DHO"). Paper No. 3, Ex. 5. On June 24, 2004, the DHO found that Petitioner had been in an unauthorized area and sanctioned him by revoking 13 days good conduct time and restricted Petitioner's commissary privileges for 30 days. The DHO report was signed on October 8, 2004, and delivered to Petitioner on November 3, 2004. Petitioner's subsequently-filed timely appeals to the Regional Director of the Federal Bureau of Prisons and the Central Office of Administrative Remedy Appeal were denied. *Id*.

      Respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, accompanied by declarations and documents from Petitioner's institutional record. Petitioner was notified of the opportunity and necessity of a response. See *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (per curiam), but nothing has been received.

**II. Standard of review**

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). In making this determination, the evidence of the party opposing summary judgment is to be believed and all justifiable inferences drawn in his favor. *See Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997) (*citing Anderson,* 477 U.S. at 255). The non-moving party may not rest upon mere allegations or denials in his pleading, however, but must set forth specific facts showing that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 248; *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir. 1991). The "mere existence of a scintilla of evidence in support of...plaintiff's position" is not enough to defeat a defendant's summary judgment motion. *Anderson*, 477 U.S. at 252.

**II. Analysis**

**A.     Due Process**

An inmate has a liberty interest in good time credit and may not be deprived of that credit without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). The Due Process Clause requires that prison disciplinary proceedings which deprive an inmate of good time credit must include: 1) advanced written notice of the alleged violation; 2) an opportunity for the inmate to call witnesses and present documentary evidence; 3) "a written statement of the fact finders as to the evidence relied upon and the reasons for the disciplinary action;" and 4) "some evidence" in support of the decision by the prison disciplinary board. *See Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454-55 (1986); *Wolff*, 418 U.S. at 557.

Additionally, the *Wolff* Court acknowledged that "[w]here an illiterate inmate is involved, [or] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the advice of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff." *Wolff,* 418 U.S. at 570. Courts have expanded this concept to include those inmates who would not be able to meaningfully understand the proceedings because English is not their first language. *See, e.g.*

*Figueroa v. Vose*, 57 F.3d 1061 (1st Cir. 1995)(unpublished); *Ferreira v. Dubois*, 963 F. Supp. 1244, 1256 (D. Mass. 1996).

There is no dispute that: Petitioner was provided written notice of the charges more than 24 hours in advance of the disciplinary hearing; that he attended the hearing and testified on his own behalf; that he called no witnesses; that he submitted no documentary evidence; that he was given a written explanation of the hearing officer's disposition; and that he was provided with the assistance of a bilingual staff representative. Paper No. 3, Ex. 5.  It is also undisputed that Petitioner received a written copy of the DHO's decision.[1]  Paper No. 3., Ex.  5.

Petitioner spoke at his hearing, stating that he understood the proceedings and his rights before the DHO.  He acknowledged that he had received a copy of the incident report.  He did not claim, before the DHO or at any point during his appeals of the DHO's decision, that he did not understand the correctional officer's directive regarding cell assignments because of his inability to comprehend or speak English.  Rather, he claimed that he had a medical assignment to a lower bunk and that he misunderstood the officer's direction regarding cell assignment. Paper No. 3, Ex. 5. Based on evidence presented at the adjustment hearing, the DHO found through the report of the correctional officer and Petitioner's own statement that he was out of area.  As such, Petitioner's substantive due process rights were met,  in that the disciplinary hearing decision was unquestionably based upon "some evidence" submitted before the DHO. *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. at 455.    Petitioner's belated claim that the DHO should have, on his own, raised the issue of Petitioner's ability to understand the directions previously given in English does not undermine that finding.  As more fully discussed below, the declarations and institutional record, including the papers filed in this case, reveal Petitioner's ability to function in English within the institution.

**B.** **Right to Interpreter**

---

[1] Petitioner further contends that his due process rights were violated because the written decision of the DHO was not provided to him within 10 days of the hearing as required by 28 C.F.R. §541.17(g).  This claim is without merit.  Section 541.17(g), is not mandatory. *See Moses v. Bledsoe*, 2004 WL 3317657 (N.D. W.Va  2004), *affirmed*, 134 Fed Appx. 787 (4th Cir. 2005) (unpublished).   Further, Petitioner has failed to demonstrate any prejudice as a result of his receiving the written decision beyond the time contemplated in 28 C.F.R. §541.17(g). Petitioner was able to timely note his appeal of the decision, and his appeals were considered on the merits. Paper No. 3, Ex. 1.

To the extent Petitioner maintains that he should be provided an interpreter in all situations of day to day prison life, his claim must fail. First, Respondents dispute that Petitioner is not proficient in English, citing numerous examples of Petitioner's ability to communicate with staff, including his holding down a prison job, following medical instructions given in English, and submitting administrative remedy requests in English, all without the assistance of an interpreter. Even if Petitioner is not proficient in English, however, there is simply no requirement that prisons provide interpreters to non-English speaking inmates so that they may participate in daily activities. *See Franklin v. District of Columbia*, 163 F. Supp. 3d 625, 637 (D.C. Cir. 1998).

### III. Conclusion

Upon review of the Petition, the court determines Petitioner is not eligible for federal habeas corpus relief under 28 U.S.C. §2241.  The Petition will be denied by separate Order.

\_\_\_\_\_1/25/06_____          _____/s/_____
Date                                                          DEBORAH K. CHASANOW
                                                              United States District Judge